IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02474-RMR-NYW

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT, HAZARDOUS MATERIALS AND WASTE MANAGEMENT DIVISION,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF THE ARMY, and
UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before this court on Defendants' [Unopposed] Motion to Stay All Discovery and Related Deadlines Until Fourteen Days After the Court's Resolution of Defendants' Motion to Dismiss, and Incorporated Memorandum of Law (the "Motion" or "Motion to Stay") [Doc. 19][1] filed on November 5, 2021 by Defendants the United States of America, the United States Department of the Army, and the United States Fish and Wildlife Service (collectively, "Defendants"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated October 26, 2021 [Doc. 17], and the Memorandum dated November 5, 2021. [Doc. 20]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, the Motion to Stay is **GRANTED**.

---

[1] Where the court refers to the filings made in Electronic Court Filing ("ECF") system in this action, it uses the convention [Doc. ___]. When the court refers to the ECF docket number for a different action, it uses the convention [ECF No. ___]. In either case, the court identifies the page number as assigned by the ECF system.

## BACKGROUND

This case arises out of the closure of a hazardous waste facility, the Rocky Mountain Arsenal (the "Facility"), located in Commerce City, Colorado, which is owned by Defendants. *See, e.g.*, [Doc. 5 at ¶¶ 10, 38, 45]. On September 15, 2017, Plaintiff Colorado Department of Public Health and Environment, Hazardous Materials and Waste Management Division ("Plaintiff" or the "Division") filed a civil action in this District against all Defendants and Shell Oil Company. *See* [Civil Action No. 17-cv-02223-RM-SKC (the "Original Action") ECF No. 1]. In the Original Action, Plaintiff raised one claim under the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and one claim under the Colorado Hazardous Waste Act ("CHWA"). [Doc. 5 at ¶ 2]. Plaintiff's CERCLA claim was dismissed on statute-of-limitations grounds, and the District court ultimately declined to exercise supplemental jurisdiction of the CHWA claim due to the important state-law issues raised in that claim. [*Id.* at ¶ 3]; *see also* [Original Action ECF. No. 53; ECF. No. 108]. The Original Action was closed and final judgment was entered on August 2, 2021. [Original Action ECF No. 109].

On August 26, 2021, Plaintiff filed its CHWA claim in state court, alleging that after the closure of the Facility, Defendants failed to submit a post-closure permit application or a request to obtain an alternate enforceable agreement in lieu of a post-closure permit, as required by Colorado law. [Doc. 5 at 13-14]. More specifically, the Colorado Code of Regulations requires that all owners and operators of surface impoundments, landfills, land treatment units, and waste pile units that certified closure after January 26, 1983, but which did not remove all waste or contamination, must obtain either a post-closure permit or an enforceable document in lieu of a post-closure permit. [*Id.* at ¶ 36 (citing 6 CCR §§ 1007-3:100.10(b), (d))]. Plaintiff alleges that it conducted an inspection of the Facility on June 7, 2016 and found that hazardous waste or

2

hazardous constituents remain at the Facility. [*Id.* at ¶ 44]. However, Defendants did not obtain a post-closure permit or alternative enforceable agreement as required under the Colorado Code of Regulations. [*Id.* at ¶ 45]. As a result, Plaintiff seeks a mandatory injunction against Defendants, requiring them to either apply for a post-closure permit or request in writing that enforceable documents be permitted for use in lieu of a post-closure permit. [*Id.* at 12-13].

Defendants removed this action to federal court on September 13, 2021. [Doc. 1]. Then, they filed a Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) and Incorporated Memorandum of Law (the "Motion to Dismiss") [Doc. 16] on October 25, 2021, seeking dismissal of Plaintiff's claim on the basis that it is barred by the statute of limitations and the statute of repose. [Doc. 16 at 2]. In the alternative, Defendants contend that the claim should be dismissed because it is contrary to 42 U.S.C. § 9621(e)(1), which provides that "[n]o Federal, State, or local permit shall be required for the portion of any removal or remedial action conducted entirely onsite, where such remedial action is selected and carried out in compliance with this section." [*Id.* at 10 (quoting 42 U.S.C. § 9621(e)(1))].[2] The Motion to Dismiss has been referred to the undersigned for recommendation. [Doc. 18].

Defendants moved to stay this case on November 5, 2021, arguing that a stay of discovery is warranted because their Motion to Stay is fully dispositive of Plaintiff's claim. [Doc. 19 at 3]. Defendants represent that "a significant amount of discovery occurred" in the Original Action and thus Plaintiff "already received multiple sets of written discovery responses and tens of thousands of documents from Defendants and undertook fact and expert depositions" in that case. [*Id.* at 2, 6]. Moreover, with respect to the present action, Defendants represent that Plaintiff "is not seeking discovery at this time." [*Id.* at 3]. Finally, Defendants state that Plaintiff

---

[2] Plaintiff has responded in opposition to the Motion to Dismiss. *See* [Doc. 21].

does not oppose the Motion to Stay, [*id.* at 2], and Plaintiff has not filed a response to the Motion. Because this Motion is ripe for consideration, I consider Defendants' arguments below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL

4

348635, at *2 (D. Kan. Aug. 6, 1987)).  Notably, courts in this District generally disfavor the stay of all discovery.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

Defendants seek to stay discovery in the instant action pending resolution of their Motion to Dismiss, arguing that the *String Cheese* factors weigh in favor of a stay.  [Doc. 19 at 5-7].  I consider the factors in turn.

***Plaintiff's Interest in Proceeding Expeditiously***.  Defendants argue that the first *String Cheese* factor weighs in favor of a stay because further discovery during the pendency of the Motion to Dismiss would include discovery that is largely duplicative of the discovery produced during the Original Action.  [Doc. 19 at 6].  Thus, they assert that Plaintiff would receive "little, if any, benefit" in proceeding with discovery.  [*Id.*].  In addition, they contend that Plaintiff is currently not seeking discovery in this matter.  [*Id.* at 3].

The court takes these representations as true, as defense counsel is an officer of the court.  *See Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir.1996) (observing that as officers of the court, statements of attorneys to the court are virtually made under oath).  But even in light of these assertions, the court finds that Plaintiff nevertheless "ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020).  Indeed, the alleged violation in this case was purportedly discovered in 2016, *see* [Doc. 5 at ¶ 44], and even with the current case schedule, the case will likely not reach resolution through dispositive motions and/or trial until 2023.  *See Sanchez*, 2020 WL 924607, at *5 (noting that, where events occurred in 2018 and case was not likely to be resolved until 2021, a stay of discovery was disfavored).

However, while the court acknowledges that Plaintiff certainly has an interest in timely and efficiently pursuing its claim in this matter, the court does not find that—given the other legitimate reasons to stay discovery in this matter set forth below—this interest is so strong as to outweigh the other factors in this matter. *See Compton v. United States*, No. 15-cv-00294-MSK-KMT, 2015 WL 2407126, at *2 (D. Colo. May 19, 2015) ("[N]either party would be well-served if forced to proceed with discovery before the issue of whether this case is time-barred is resolved."). Indeed, Plaintiff is not currently seeking discovery in this case and does not oppose a stay of discovery in this case; thus, it appears that Plaintiff does not find that its interests in proceeding with this matter will be significantly harmed by a stay of discovery in this case. *Cf. Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) (finding that, where the plaintiff did not oppose a stay of discovery, no prejudice would result from a stay). Thus, the court finds that this factor is neutral.

**The Burden on Defendants**. As to the second *String Cheese* factor, Defendants argue that they will be burdened if required to proceed with discovery because it "would require Defendants to expend resources that may otherwise be conserved." [Doc. 19 at 6]. The court notes, however, that "[d]efendants are always burdened when they are sued," *Chavez*, 2007 WL 683973, at *2, and typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). But because Defendants have already produced voluminous documents to Plaintiff in the Original Action, the court does recognize that requiring Defendants to produce largely duplicative discovery in this case, all while a potentially case-dispositive motion is pending, would impose a unique burden on Defendants. *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19,

2021) (finding that, although the defendants had not demonstrate that proceeding with discovery would present an *undue* burden, finding that the second *String Cheese* factor nevertheless weighed in favor of a stay where discovery "could be wasteful"); *Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing burden on defendants in proceeding with discovery where there was a pending motion to dismiss raising statute-of-limitations argument). I thus find that this factor weighs in favor of a stay.

***The Convenience to the Court***. The third *String Cheese* factor, convenience to the court, favors a stay. Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), Defendants here raise two arguments which may dispose of Plaintiff's claim entirely. *See* [Doc. 16]. Given the pending dispositive motion, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through discovery. "All things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes." *Sanchez*, 2020 WL 924607, at *6. For these reasons, I find that factor three weighs in favor of granting the stay.

***Interests of Non-Parties and the Public Interest***. As to the fourth *String Cheese* factor, Defendants do not identify any non-parties who may be affected by a stay in this matter. *See* [Doc. 19 at 7]. The court thus finds this factor is neutral. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, fourth *String Cheese* factor was neutral). Moreover, while the

7

public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). Additionally, a stay "will allow the court and the Department of Justice," in addition to the Division, "[all] of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). The court thus finds that the fifth *Sting Cheese* factor—the interest of the public—weighs in favor of a stay.

The court recognizes that this District generally disfavors stays of discovery, *Wason Ranch Corp.*, 2007 WL 1655362, at *1, particularly where the stay is sought pending a motion to dismiss under Rule 12(b)(6). *See Boden v. Hmshost Corp.,* No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) ("Defendants do not maintain that the court lacks jurisdiction over Plaintiffs' claim or that they are entitled to immunity therefrom–rather it simply moves to dismiss Plaintiffs' Amended Complaint as time-barred pursuant to Rule 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss."). Nevertheless, the court finds that in light of the unique circumstances of this case, the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motion to Dismiss. In so finding, the court does not pass on the merits of the pending Motion to Dismiss or the arguments therein. For the reasons set forth herein, the Motion to Stay is **GRANTED**. Discovery in this matter is hereby **STAYED** pending the resolution of the Motion to Dismiss, and the Scheduling Conference set for December 9, 2021 is accordingly **VACATED**.

## CONCLUSION

Based on the foregoing considerations, **IT IS ORDERED** that:

(1) Defendants' [Unopposed] Motion to Stay All Discovery and Related Deadlines Until Fourteen Days After the Court's Resolution of Defendants' Motion to Dismiss, and Incorporated Memorandum of Law [Doc. 19] is **GRANTED**;

(2) All discovery in this matter is hereby **STAYED** pending final resolution of the pending Motion to Dismiss [Doc. 16];

(3) The Scheduling Conference set for December 9, 2021 is **VACATED**, to be re-set if appropriate; and

(4) Within three (3) business days of the final disposition of the pending Motion to Dismiss [Doc. 16], to the extent that Plaintiff's claim against Defendants survives, counsel for both Parties shall **jointly CONTACT** the chambers of the undersigned to schedule a Scheduling Conference to discuss further discovery and scheduling.

DATED: December 6, 2021                         BY THE COURT:

                                                _____
                                                Nina Y. Wang
                                                United States Magistrate Judge