**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 21-cv-02474-RMR-SKC

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT, HAZARDOUS MATERIALS AND WASTE MANAGEMENT DIVISION

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF THE ARMY, and
UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

---

### ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews, ECF No. 61, addressing the Partial Motion for Judgment on the Pleadings filed by Defendants United States of America, United States Department of the Army ("Army"), and United States Fish and Wildlife Service ("USFWS") (collectively, "Defendants") at ECF No. 45. Magistrate Judge Crews recommends that the Motion be granted in part and denied in part. Specifically, Magistrate Judge Crews recommends that the Court deny Defendants' request to enter judgment in favor of the United States on sovereign immunity grounds and grant their request to enter judgment in favor of USFWS on preemption grounds. ECF No. 61 at 8, 11.

Plaintiff Colorado Department of Public Health and Environment ("CDPHE") and Defendants timely objected to the portions of the Recommendation that were adverse to their positions. *See* ECF Nos. 67, 68. Both sides filed responses to the respective objections on Augst 24, 2023, at ECF Nos. 69 and 70. This Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b). For the reasons that follow, the parties' objections are OVERRULED and the Recommendation, ECF No. 61, is ACCEPTED AND ADOPTED.

## I.   Background

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

This case concerns the Rocky Mountain Arsenal (the "Arsenal"), a hazardous waste treatment, storage, and disposal facility which is on federally owned land located near Commerce City, Colorado. Plaintiff CDPHE alleges that Defendants violated the Colorado Hazardous Waste Act, Colo. Rev. Stat. §§ 25-15-301 to 316 ("CHWA") by failing to obtain a post-closure permit. CDPHE filed its initial action in this Court on September 15, 2017, asserting one claim under the CHWA and an additional claim under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") against Defendants and Shell Oil Company. *See Colorado Dep't of Pub. Health & Env't, Hazardous Materials & Waste Mgmt. Div. v. United States*,

381 F. Supp. 3d 1300 (D. Colo. 2019) (the "First Action" or "*CDPHE I*"). Plaintiff's CERCLA claim was ultimately dismissed on statute-of-limitations grounds, and then District Judge Raymond P. Moore subsequently declined to exercise supplemental jurisdiction over the CHWA claim. The First Action was closed and final judgment was entered on August 2, 2021.

On August 26, 2021, CDPHE filed the instant action in the District Court, Adams County, Colorado. The United States removed the case to this Court on September 13, 2021. Defendants initially filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), ECF No. 16, which the Court denied. ECF No. 33. Defendants subsequently moved for partial judgment on the pleadings, arguing that the United States and USFWS are not proper parties. ECF No. 45. Magistrate Judge Crews issued a Recommendation on Defendants' motion on July 13, 2023, finding that Plaintiff's claim against the USFWS is preempted but rejecting Defendants' argument that sovereign immunity bars Plaintiff's claim against the United States. ECF No. 61 at 8, 11.

## II.     Defendants' Objection

Defendants object to the Recommendation to the extent that Magistrate Judge Crews recommends denying the motion for judgment on the pleadings with respect to the United States, which maintains that it—as distinct from its departments and agencies—is entitled to sovereign immunity in this case. Judge Moore previously rejected Defendants' same sovereign immunity argument in *CDPHE I*, holding that 42 U.S.C. § 6961 of the Resource Conservation and Recovery Act ("RCRA") "expressly waives sovereign immunity as to the 'United States' as a whole while specifying that the Federal

3

Government and its agencies must comply 'with, all Federal, State, interstate, and local requirements, both substantive and procedural[.]'" *CDPHE I*, 381 F. Supp. 3d at 1312. In the Recommendation, Magistrate Judge Crews found that the instant matter is "effectively the same case" as *CDPHE I* and concluded that Judge Moore's decision should control as the law of the case on the same issue here. ECF No. 61 at 6–8.

Having considered the applicable case law, the parties' arguments, and the Recommendation, the Court agrees with the analysis of Magistrate Judge Crews on this issue. As Magistrate Judge Crews observed, "[t]he law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (cleaned up). The Tenth Circuit "has accepted the doctrine as 'a restriction self-imposed by the courts in the interests of judicial efficiency. It is a rule based on sound public policy that litigation should come to an end, and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided.'" *Id*. at 116 (quoting *Gage v. General Motors Corp.,* 796 F.2d 345, 349 (10th Cir.1986)).

Defendants object that the law of the case doctrine does not "require" this Court to reach the same result on Defendants' sovereign immunity defense as Judge Moore reached in *CDPHE I. See* ECF No. 67 at 2. Defendants' argument misapprehends the nature of the doctrine, which is discretionary and grounded in concerns regarding judicial efficiency. Indeed, the Recommendation correctly notes that "[t]he doctrine is 'solely a rule of practice and not a limit on the power of the court.'" ECF No. 61 at 6 (quoting *Mason*

4

*v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991) (internal citation omitted)). Defendants' objection thus does not identify any error in the Recommendation.

Defendants further object that because the present matter is a separate action from *CDPHE I*, the law of the case doctrine should not apply. ECF No. 67 at 3. In analyzing this issue, Magistrate Judge Crews concluded that "[f]or all intents and purposes, this is the same case that was pending before Judge Moore." ECF No. 61 at 7. The Recommendation traces the "circuitous route" this litigation has taken over the years, wherein: (1) Plaintiff initially filed its state law CHWA claim together with a CERCLA claim in this court; (2) Judge Moore dismissed Plaintiff's CERCLA claim; (3) Judge Moore subsequently declined to exercise supplemental jurisdiction over Plaintiff's CHWA claim and dismissed the case; (4) Plaintiff refiled its state law CHWA claim in state court; and (5) Defendants removed the case to this court, where it was randomly assigned to the undersigned. *Id*. Reviewing the issue de novo, the Court agrees with the Recommendation's assessment that "this matter involves the same state law claim, the same parties, and the same nucleus of operative fact" as the *CDPHE I* case. ECF No. 61 at 7. Accordingly, considerations of judicial economy, efficiency, and consistency lead the Court to conclude that the law of the case doctrine is properly applied here.[1] The parties had a full and fair opportunity to argue the issue of sovereign immunity in *CDPHE I*, and

---

[1] The Court notes, however, that it disagrees with the Recommendation to the extent it suggests that Judge Moore's determination on sovereign immunity should be accorded law of the case because Defendants did not appeal that ruling after the First Action's dismissal. As Defendants note, "[a] party generally cannot appeal from a judgment in its favor." *Amazon, Inc. v. Dirt Camp, Inc*., 273 F.3d 1271, 1275 (10th Cir. 2001). The Court, therefore, does not rely on the absence of an appeal in *CDPHE I* as a reason to follow the law of the case doctrine here. Nevertheless, because the same result is reached, the Court adopts the Recommendation in all other respects as to this issue.

5

Judge Moore supported his decision in that case with a thorough and reasoned opinion. As Magistrate Judge Crews recognized, "but for Judge Moore's declination of supplemental jurisdiction over the state law claim, his conclusions regarding sovereign immunity would still govern these parties." ECF No. 61 at 7. Under these circumstances, the Court sees no reason to rehash the same arguments and revisit Judge Moore's previous ruling between these parties concerning the United States' waiver of sovereign immunity under Section 6961(a).

Finally, Defendants object that the Court has already "implicitly rejected the application of the decision in *CDPHE I* as the law of the case." ECF No. 67 at 5. According to Defendants, by the Recommendation's rationale, "this Court erred in considering de novo the same statute of limitations and CERCLA section 121(e)(1) issues, instead of simply adopting the rationale of *CDPHE I* on the same issue." *Id*. at 5. Again, Defendants' argument misapprehends the discretionary nature of the doctrine and is therefore inapposite. "Unlike *res judicata,* the [law of the case doctrine] is not an 'inexorable command,' but is to be applied with good sense." *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981) (citations omitted). Defendants have not cited to any authority that forecloses the Court from treating Judge Moore's determination on sovereign immunity as the law of the case, and the Court's prior ruling on Defendants' motion to dismiss does not alter that conclusion.[2] Accordingly, Defendants' objection is overruled. The Court accepts and adopts Magistrate Judge Crews's recommendation that Defendants' request

---

[2] Moreover, even if the Court declined to apply the law of the case here, Defendants offer no persuasive argument to justify departing from Judge Moore's thorough and well-reasoned analysis regarding sovereign immunity. The Court would therefore reach the same result either way with respect to RCRA's waiver of sovereign immunity for the United States.

6

to enter judgment in favor of the United States be denied.

### III.     Plaintiff's Objection

Plaintiff objects to the Recommendation to the extent it concludes that the Rocky Mountain Arsenal Wildlife Refuge Act of 1992, Pub. L. 102-402, 106 Stat. 1961 (the "Refuge Act") preempts Plaintiff's claim against USFWS. As detailed in the Recommendation, the Refuge Act provided for the creation of the Rocky Mountain Arsenal Wildlife Refuge by directing the transfer of former-Rocky Mountain Arsenal ("RMA") land and management authority from the Army to the jurisdictional control of USFWS. The Refuge Act specifies, however, that post-transfer "the Secretary of the Army shall retain any obligation or other liability at the Arsenal under [CERCLA] and other applicable provisions of law and shall be accorded all easements and access as may be reasonably required to carry out such obligation or other liability."  106 Stat. 1961, 1963. Relying on this language, Magistrate Judge Crews found that Congress intended the Army to have ultimate responsibility and liability for historic contamination at the former RMA under CERCLA, RCRA, and state laws such as the CHWA. ECF No. 61 at 9–11. He further observed that ordering USFWS to assume responsibility for a post-closure permit conflict with the jurisdictional division of federal responsibility dictated by Congress in the Refuge Act and ultimately result in duplicative efforts by the Army and USFWS. *See id*. at 11. As a result, Magistrate Judge Crews recommends finding that Plaintiff's claim against USFWS is preempted by the Refuge Act and its designation of responsibilities. *Id*.

Plaintiff first objects that the Recommendation fails to apply the standard of review

for a Rule 12(c) motion and "overlooks critical facts" related to land use controls at the Refuge that purportedly demonstrate the absence of a conflict between the Refuge Act and the CHWA. *See* ECF No. 68 at 3–5. Reviewing this issue de novo, the Court finds that the Recommendation accurately sets forth and applies the appropriate legal standard for a motion for judgment on the pleadings. Contrary to Plaintiff's contentions, the Recommendation adequately addresses and acknowledges USFWS's management of the Refuge. *See* ECF 61 at 3, 8–9. That USFWS implements land use controls on the Refuge as part of the ongoing CERCLA remedy at the former RMA is neither inconsistent with the plain language of the Refuge Act, nor does it undermine the Recommendation's conclusion that Plaintiff's claim against USFWS in the instant case is preempted *notwithstanding* USFWS's management of the Refuge.

The Recommendation likewise correctly found that ordering USFWS to assume responsibility for a post-closure permit under the CHWA would conflict with the jurisdictional structure set forth in the Refuge Act and ultimately lead to duplicative efforts by the Army and USFWS. *See* ECF No. 61 at 9–11. Plaintiff insists that as an "operator" under CERCLA, USFWS would be responsible under the requested post-closure permit only "for the limited purpose of ensuring compliance with institutional controls at the Refuge." *See* ECF No. 68 at 5; ECF No. 1 ¶ 41. The Court is not aware of any precedent finding that the alleged purpose for which a plaintiff brings its claim (no matter how limited) bears on whether the claim itself is preempted—and Plaintiff cites to none. Plaintiff's objection on this issue is therefore overruled.

Plaintiff secondarily objects that the Recommendation "fails to consider or apply

savings clauses in the Refuge Act that expressly negate Defendants' preemption arguments." ECF No. 68 at 6. Reviewing this issue de novo, the Court agrees with the analysis set forth in the Recommendation. Section 3(b)(1) of the Refuge Act provides that "[n]othing in this Act shall relieve . . . the Secretary of the Army or any other person from any obligation or other liability at the Arsenal under [CERCLA] and other applicable provisions of law." 106 Stat 1961. As Magistrate Judge Crews observed, interpreting "other person" to include USFWS in this case "overlooks the fact that Section 3 is specifically limited to the 'Continuation of Responsibility and Liability of the Secretary of the Army for Environmental Cleanup.'" ECF No. 61 at 10 (quoting Section 3). Magistrate Judge Crews further recognized that it is unlikely that Congress would carefully delineate a responsibility scheme between USFWS and the Army, only to "essentially nullify those provisions . . . with a single sentence." *Id*. (quoting *Wyoming v. United States*, 279 F.3d 1214, 1235 (10th Cir. 2002)). Plaintiff's objection is insufficient to overcome the conclusion—recommended by Magistrate Judge Crews and adopted by the Court here—that section 3(b)(1) does not operate to "save" Plaintiff's preempted CHWA claim, and the Court otherwise perceives no error in the Recommendation's reading of the Refuge Act.[3]

Finally, Plaintiff argues that the Recommendation's construction of the Refuge Act contradicts the liability structure of CERCLA[4] and CHWA, as well as the Tenth Circuit's

---

[3] To the extent that Plaintiff argues that sections 3(a) and 4(b)(1) of the Refuge Act function as additional saving clauses, it appears that Plaintiff has waived this argument by failing to raise it before the magistrate judge, and thus the Court need not consider it here. *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). In any event, neither section contradicts the Recommendation's findings on this issue.

[4] Plaintiff's argument with respect to CERCLA was raised for the first time in its objection and is therefore deemed waived. *See Marshall,* 75 F.3d at 1426.

holding in *United States v. Colorado*, 990 F.2d 1565, (10th Cir. 1993), that the CHWA applies at RMA. *See* ECF No. 68 at 8–10. As Defendants point out, however, the Recommendation does not hold or imply that CHWA (or CERCLA) is inapplicable to the Refuge or Army-controlled RMA property, nor do Defendants advocate for such a broad construction. *See* ECF No. 69 at 10. Rather, the Recommendation found only that Plaintiff's specific CHWA claim *against USFWS* is preempted because it concerns environmental contamination that was expressly reserved by Congress for the Army under the Refuge Act. *See* ECF 61 at 9–11. The Recommendation's preemption analysis likewise does not contradict the Tenth Circuit's holding in *Colorado* that "[t]he Rocky Mountain Arsenal is a hazardous waste treatment, storage and disposal facility subject to RCRA regulation." 990 F.2d at 1569. Plaintiff's reliance on *Colorado* is therefore unavailing.

For these reasons, Plaintiff's objection is overruled, and the Court affirms and adopts Magistrate Judge Crews's recommendation that Defendants' request to enter judgment in favor of USFWS be granted on preemption grounds.

## IV. Conclusion

For the reasons stated above, the Court OVERRULES Plaintiff's and Defendants' objections at ECF Nos. 67 and 68, and ADOPTS the Recommendation at ECF No. 61. Defendants' Partial Motion for Judgment on the Pleadings, ECF No. 45, is DENIED as to Defendant United States of America and GRANTED as to Defendant United States Fish and Wildlife Service.

DATED: September 29, 2023

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge